IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD REED,

    Petitioner,                    No. CIV S-09-3484 KJM DAD P

    vs.

MICHAEL MARTEL, Warden,

    Respondent.                FINDINGS AND RECOMMENDATIONS

                          /

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss this action pursuant to 28 U.S.C. § 2254 and Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts, on the ground that the pending petition fails to state a cognizable claim for relief. (Doc. No. 11 - "Resp't's Mot. to Dismiss.") Petitioner has filed an opposition to the motion. (Doc. No. 12 "Pet'r's Opp'n to Resp't's Mot. to Dismiss.") Respondent has not filed a reply.

**BACKGROUND**

        On July 28, 1995, a Tehama County jury convicted petitioner of two counts of lewd and lascivious conduct with a minor under the age of 14, in violation of California Penal Code § 288 (a), and one count of committing a lewd act with a minor aged 14 or 15 years old and

1

10 years younger than petitioner, in violation of California Penal Code § 288(c). The trial court also found an allegation that petitioner had suffered a 1986 felony conviction for robbery within the meaning of California Penal Code § 667(a) & (d) to be true.[1] As a result of his prior conviction, petitioner received a five-year enhancement and was sentenced by the Tehama County Superior Court to a total aggregate term of twenty-six years and four months in prison. (Resp't's Mot. to Dismiss, Ex. A & C (Doc. No. 11-1) at 25, 87.)[2]

      In the habeas petition now pending before this court, petitioner claims that the California courts and the California Department of Corrections and Rehabilitation ("CDCR") have violated his state created liberty interest in the award of good-time credits by improperly denying him a fifty-percent good-time credit earning rate on his five-year enhancement term. Specifically, petitioner claims that he was informed on September 25, 2007, by Mule Creek State Prison staff that he was only earning good-time credit on his five-year enhancement up to fifteen percent of that term.

      Petitioner filed an inmate appeal on October 5, 2007, arguing that he is entitled to a fifty percent good-time credit earning rate because his five year sentence enhancement is based on a prior felony conviction which occurred before the enactment of California's Three Strikes Law. Petitioner's inmate appeal was denied as were his subsequent inmate appeals, including his Director's Level Appeal in which prison officials cited California Penal Code §§ 667 and 2933.1

---

[1] California Penal Code § 667(a)(1) provides that:

> [A]ny person convicted of a serious felony who previously has been convicted of . . . any offense committed in another jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately. The terms of the present offense and each enhancement shall run consecutively.

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to the page numbers assigned by the parties.

1  in support of their decision.  (Pet. (Doc. No. 1) at 3-4; Resp't's Mot. to Dismiss, Ex. A (Doc. No.
2  11-1) at 20-21, 54-55, 56.)
3        Having exhausted his administrative remedies and not obtained relief, petitioner
4  filed a petition for writ of habeas corpus in the Sacramento County Superior Court.  That petition
5  was later transferred to the Amador County Superior Court which denied habeas relief in a short,
6  but reasoned, decision on January 7, 2009.  Petitioner subsequently filed habeas petitions in the
7  California Court of Appeal for the Third Appellate District and the California Supreme Court,
8  both of which were summarily denied on April 23, 2009 and November 10, 2009, respectively.
9  (Resp't's Mot. to Dismiss, Ex. A, B & C (Doc. No. 11-1) at 2-13, 59, 78; Ex. E & F (Doc. No.
10 11-2) at 68.)  On December 16, 2009, petitioner filed the federal habeas petition now before this
11 court.  (Doc. No. 1-"Pet.")

**RESPONDENT'S MOTION TO DISMISS**

I. Respondent's Motion

      Respondent has moved to dismiss, arguing that the petition fails to state a cognizable claim for relief.  Respondent notes that this court is authorized to summarily dismiss a habeas petition where it plainly appears from the petition that the petitioner is not entitled to relief.  (Resp't's Mot. to Dismiss at 2) (citing Rule 4, 28 U.S.C. § 2254).  Respondent contends that petitioner's claim is based solely on an alleged misapplication of state law and, therefore, is not cognizable in this federal habeas corpus proceeding.  (Id.)  Specifically, respondent argues that petitioner is improperly seeking federal court review of the state court's interpretation of California Penal Code § 667(c)(5).[3]  (Id.)  However, in the perfunctory motion to dismiss,

---

[3] California Penal Code § 667(c)(5) provides that when a defendant is convicted of a felony and it is pled and proved that the defendant has suffered one or more prior felony convictions as defined, the court is required to adhere to several directives including that:

> [t]he total amount of [good-time] credits awarded . . . shall not exceed one-fifth of the total term of imprisonment imposed and shall not accrue until the defendant is physically placed in the state prison.

3

counsel for respondent cites no authority for the implicit premise of the motion - that California prisoners do not have a constitutionally protected due process right to the accurate calculation of their time credits.

II. Petitioner's Opposition

Petitioner argues that his petition must contain a valid constitutional claim because this court issued an order on May 6, 2010, directing respondent to file a response and stating that "petitioner may be entitled to relief if the claimed violation of constitutional rights is proved . . . ." (Pet'r's Opp'n to Resp't's Mot. to Dismiss (Doc. No. 12) at 3-4.) Similarly, petitioner asserts that his petition must state a cognizable claim because under Rule 4 of the Rules Governing § 2254 Cases the court is required to promptly determine if it plainly appears from the face of the petition that the petitioner is not entitled to relief prior to ordering respondent to respond. (Id.)

Petitioner also argues that pursuant to the decision in Hicks v. Oklahoma, 447 U.S. 343 (1980), it is a violation of due process for a state to fail to comply with its own law with respect to a state created liberty interest. In support of his argument that he is entitled to "half-time" credits with respect to his enhancement term, petitioner relies upon the decision in People v. Williams, 49 Cal. App.4th 1635, 1643 (1996). He also argues that his claim for federal habeas relief is indistinguishable from the claim presented by the petitioner in Hicks. (Pet'r's Opp'n to Resp't's Mot. to Dismiss (Doc. No. 12) at 5.)

**ANALYSIS**

It is, of course, true that a federal writ of habeas corpus is not available with respect to claims based solely on alleged errors in the interpretation or application of state law. See Wilson v. Corcoran, ___ U.S. ___, 131 S. Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985). A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of some transgression of federal law binding on the state courts. See Wilson v.

Corcoran, 131 S. Ct. at 16; Peltier v. Wright, 15 F.3d 860, 861 (9th Cir. 1993); Middleton, 768 F.2d at 1085. Accordingly, if petitioner's claim is premised merely on an alleged misapplication of state law, he has failed to state a cognizable claim for federal habeas relief. See Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."); Fetterly v. Paskett, 997 F. 1295, 1300 (9th Cir. 1993) (issues involving state sentencing error are not cognizable on federal habeas review); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (question of whether particular prior conviction qualifies for sentence enhancement under California law is not cognizable on federal habeas corpus review).

However, where a state arbitrarily deprives a prisoner of a state created liberty interest, the prisoner may state a cognizable claim for federal habeas relief under the Due Process Clause. See e.g., Superintendent v. Hill, 472 U.S. 445, 455 (1985) (Supreme Court holding that the requirements of due process are satisfied only where "some evidence" supports the decision to revoke a prisoner's good-time credits); Hicks v. Oklahoma, 447 U.S. 343, 346 (1980) ("The defendant in such a case has a substantial and legitimate expectation that he will be deprived of his liberty only to the extent determined by the jury in the exercise of its statutory discretion, [citation omitted] and that liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivation by the State."); Vitek v. Jones, 445 U.S. 480, 488-89 (1980) (Supreme Court holding that the involuntary transfer of a prisoner to a mental hospital implicates a liberty interest protected by the Fourteenth Amendment Due Process Clause); Wolf v. McDonnell, 418 U.S. 539, 571-72 (1974) (Supreme Court holding that a state-created right to good-time credits, which could be forfeited only for serious misbehavior, constituted a liberty interest protected by the Due Process Clause): Fetterly, 997 F.2d at 1300 ("[T]he failure of a state to abide by its own statutory commands may implicate a liberty interest protected by the Fourteenth Amendment against arbitrary deprivation by a state."). Thus, if California law

mandated that a prisoner be awarded time credits in a given situation, the arbitrary denial of those time credits by the state may constitute the denial of a state-created liberty interest protected by the Due Process Clause of the U.S. Constitution. See Bergen v. Spaulding, 881 F.2d 719, 721 (9th Cir. 1989) (State Board charged with deciding prisoner's early release held not to have the discretion to decide that the prisoner should remain incarcerated beyond his good-time release date without a hearing ); McFarland v. Cassay, 779 F.2d 1426, 1428-29 (9th Cir. 1986) ( Ninth Circuit holding that a liberty interest, protected by the Due Process Clause, was created by a good-time credit statute that used mandatory language); Haygood v. Younger, 769 F.2d 1350, 1355-56 (9th Cir. 1985) (If state officials calculated a prison sentence "in a manner which denied [the prisoner] his statutory right to liberty without due process of law, a constitutional violation exists[.]").

       As noted above, counsel for respondent has cited no authority in support of the proposition that California prisoners have no due process right to the accurate award of time credits as provided for under state law. Moreover, counsel for respondent elected not to file a reply brief to respond to plaintiff's argument that he has stated a cognizable claim to federal habeas relief. Accordingly, respondent has failed to satisfy his burden of establishing that the pending petition should be dismissed for failure to state a cognizable claim for federal habeas relief.

       However, the pending motion to dismiss is still properly granted for reasons not argued by respondent.[4] Upon further review of the pending petition and petitioner's arguments submitted in opposition to the motion, in this case it is readily apparent that petitioner's claim is without merit. Petitioner asserts that he is entitled to earn good-time credits on the five-year enhancement imposed as part of his sentence at a rate of fifty percent because his prior

---

[4] As noted by counsel for respondent, Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a judge to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254.

conviction, upon which the enhancement is based, was incurred before the enactment of California's Three Strikes Law. In support of this argument petitioner cites the California Court of Appeal's decision in People v. Williams. (Pet. (Doc. No. 1) at 3.) Specifically, petitioner argues that:

> It is clear that Williams mandates that defendants sentenced under two strikes whose single strike occurred before enactment of the three-strikes law, do not have the Penal Code § 667(c)(5) restrictions on the enhancement for the prior. In petitioner's case, it is the five-year enhancement for his 1986 second-degree robbery prior.

(Id. at 7-8.)

Petitioner's argument on this point misconstrues the holding in Williams and has been expressly rejected by California courts. See People v. Brady, 34 Cal. App.4th 65 (1995). In Brady, the defendant pled guilty on June 1, 1994, to the unlawful taking and driving of a vehicle. 34 Cal. App.4th at 67. He also admitted that he had suffered a prior serious felony conviction for armed robbery that qualified as a strike under the then-newly enacted Three Strikes Law, California Penal Code § 667.[5] Id. He was sentenced to a four-year term of imprisonment on the vehicle theft charge and an additional one-year enhancement for his prior conviction. (Id.) On appeal he argued that the trial court erred by ordering him to serve eighty percent of his sentence on the one-year enhancement. Id. at 68. Specifically, he argued that California Penal Code § 667(c)(5), which limits a defendant's good-time credit earning rate to a maximum of twenty

---

[5] In People v. Hazelton, 14 Cal.4th 101, 104 (1996), the California Supreme Court explained the enactment of California's Three Strikes Law as follows:

> In March 1994, the [California] Legislature enacted its version of the "Three Strikes and You're Out" law by amending [California Penal Code] section 667. In general, the legislation provides longer sentences for certain prior serious or violent felonies popularly denoted "strikes." A "two strike" case involves one prior qualifying felony; a "three strike" case involves two or more prior qualifying felonies. Predicate prior felonies are defined in section 667, subdivision (d), as . . . [a] conviction in another jurisdiction for an offense that, if committed in California, is punishable by imprisonment in the state prison . . . .

7

percent, was not applicable to his one-year enhancement term. (Id. at 68-69.) The California Court of Appeal rejected that argument, concluding:

> Given this existing sentencing scheme of which the "three strikes" legislation is a part and the clear words of section 667, subdivision (c)(5), we interpret the language "total term of imprisonment imposed" in that subsection as meaning exactly what it says, i.e., that the total or entire term of imprisonment, or the aggregate term imposed, which includes any enhancements, whether mentioned in section 667 or not, is subject to the new credits limitations for persons who fall under the "three strikes" law.
>
> * * *
>
> At the time Brady committed his vehicle theft, section 667, subdivision (c)(5) was in full force and effect. Such gave him notice that he would be treated more severely since he committed a new felony and had previously been convicted of a serious felony. That such "status" would subject him to subsection (c)(5)'s credit limits was clearly spelled out. No due process or ex post facto violation can be shown.

Id. at 70-72. See also Stewart v. Warden, No. CV 06-3718 DSF (AJW), 2009 WL 413116, at *10 (C. D. Cal. Feb. 17, 2009) (denying federal habeas relief because "[p]etitioner was sentenced under the Three Strikes law" and was therefore "not entitled to earn half-time credits."); Johnson v. Marshall, No. CV 09-1540-JSL (PLA), 2009 WL 3064902, at *4 (C. D. Cal. Sept. 22, 2009) (same).

Here, petitioner's circumstances are nearly identical to those of the defendant in Brady. Just as in Brady, petitioner was convicted of a felony prior to the enactment of California's Three Strikes Law. After the Three Strikes Law went into effect, petitioner committed and was convicted of the commitment offense, and received a sentence enhancement based on his prior conviction, just as did the defendant in Brady. Petitioner's circumstances are indistinguishable from those of the defendant in Brady and thus, under California law as interpreted by the state appellate court in Brady, petitioner's five-year enhancement term is subject to the good-time credit limitation set forth in California Penal Code § 667(c)(5). The California Court of Appeal in Williams did not hold any differently. In that case, the court

merely held that the good-time credit limitation imposed by § 667(c)(5) does not apply to "*terms imposed for offenses committed before* enactment of the 'three strikes' law." 49 Cal. App.4th at 1643 (emphasis added). The court in Williams made clear, however, that § 667(c)(5)'s good-time credit limitation applies to sentence *enhancements* based on prior convictions suffered before passage of the Three Strikes law. Id. at 1640-41. The court in Williams cited the Brady decision in support of that very holding, finding the reasoning in Brady with respect to that point to be "persuasive." (Id. at 1641.)[6]

Finally, under California Penal Code § 2933.1 a defendant sentenced to a term of imprisonment for a statutorily defined "violent" offense is further limited to a good-time credit earning rate of fifteen percent. People v. Nunez, 167 Cal. App.4th 761, 764-65 (2008). Here, petitioner was convicted of engaging in lewd and lascivious conduct with a minor, one of the statutorily defined violent offenses listed under § 2933.1. Under California law the fifteen percent good-time credit earning rate limitation applies throughout the duration of petitioner's aggregate prison term, a period which includes petitioner's five-year enhancement. In re Reeves, 35 Cal.4th 765, 773 (2005).

Therefore, it is apparent that under California law petitioner is not entitled to earn good-time credits at a rate of fifty-percent on his five-year enhancement. Rather, a fifteen percent good-time credit earning limitation applies to his entire aggregate prison term imposed by the Tehama County Superior Court. Petitioner has failed to show that he was arbitrarily denied good-time credits by state authorities and has failed to establish a due process violation in the calculation of his time credits. For the reasons stated above, petitioner's claim is without merit and the pending motion to dismiss should therefore be granted.

---

[6] In denying petitioner's initial state habeas petition the Amador County Superior Court cited both Brady and Williams in support of that court's conclusion that the credit earning limitation provision of § 667(c)(5) is applicable to petitioner's five-year enhancement term under California law. (Resp't's Mot. to Dismiss, Ex. B (Doc. No. 11-1) at 59.) Of course, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir. 1989).

# CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's July 6, 2010 motion to dismiss (Doc. No. 11) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In any objections he elects to file petitioner may address whether a certificate of appealability should issue in the event he elects to file an appeal from the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

DATED: January 26, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
reed3484.mtd